# IN THE COURT OF APPEALS OF IOWA

No. 20-1449
Filed March 17, 2021

**IN THE INTEREST OF E.D.,**
**Minor Child,**

**R.T., Mother,**
　　Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

David R. Fiester, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Natalie A. Deerr, Assistant Attorney General, for appellee State.

Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to her two-year-old daughter, E.D.[1]  She argues the State failed to satisfy the statutory ground authorizing termination and termination is not in E.D.'s best interest.  We address both of the mother's arguments in turn.

## I.  Standard of Review

We review termination proceedings de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).  We generally use a three-step analysis to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We must determine whether: (1) a ground for termination has been established, (2) termination is in the child's best interests, and (3) we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.

## II.  Facts and Procedural Background

E.D., born in October 2018, came to the attention of the Iowa Department of Human Services (DHS) in January 2020 due to concerns of methamphetamine use and domestic violence in the home.  The mother reported to law enforcement the father had pushed her during a fight over a blowtorch and she had struck him

---

[1] The district court also terminated the father's parental rights.  He does not appeal.

with a wrench. Both parents were arrested. E.D. was in the home at the time of the incident. Drug paraphernalia was located in the home, and both parents admitted to methamphetamine use. The mother had previously tested positive for methamphetamine and amphetamines during a drug test administered in December 2019 as part of a child-abuse assessment initiated by DHS. One-year-old E.D. tested positive for methamphetamine on January 16, 2020.

E.D. was removed from parental custody in mid-January 2020 and placed with her paternal grandparents. The mother stipulated that E.D. was a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2020), and as part of the January 22, 2020, adjudication order, the mother was ordered to complete a substance-abuse evaluation, follow all treatment recommendations, and participate in random drug testing requested by DHS. E.D. remained in the home of her paternal grandparents. Since the initial removal, there has not been a trial home placement.

Following E.D.'s removal, the mother struggled to comply with the case plan and court orders. A dispositional hearing was held on March 2. The mother had yet to obtain a substance-abuse evaluation or comply with any drug testing. By the July 1 combined dispositional review hearing and permanency hearing, the mother had completed a substance-abuse evaluation. However, the evaluator reported due to the mother's lack of honesty regarding her substance-abuse, a recommendation for treatment could not be provided. The mother had been provided twenty-three separate opportunities for drug testing since her daughter's adjudication but failed to participate in any of the tests. The mother did not follow

through with recommendations for inpatient treatment. Given the lack of progress by the mother, the State filed a petition for termination of parental rights.

Shortly after the July 1 hearing, the mother and E.D.'s father were involved in another incident of domestic violence. The mother reported to law enforcement the father had choked her. A no-contact order issued, naming the mother as the protected party. On August 23, 2020, E.D.'s parents were involved in a high-speed chase in a stolen vehicle. The mother, as the passenger, was released at the scene. The father was incarcerated and remained incarcerated at the time of the termination hearing. In September, the mother successfully moved for dismissal of the no-contact order between herself and the father.

Approximately one month prior to the termination hearing, the mother submitted to a drug patch test, which was negative. However, a urine screen provided on August 20, 2020, was positive for methamphetamine and amphetamines. DHS encouraged the mother to engage in substance-abuse treatment. The mother did not follow through. At one point, the mother parked her vehicle in the parking lot of an inpatient substance-abuse facility over a weekend, informing her family she was in treatment, when in fact, she never entered the program. The mother did eventually enter an inpatient program on September 2 but left the program after two weeks. By the termination hearing, the mother had been involved in outpatient treatment for a mere three weeks. She reported a sobriety date of September 1, 2020. Following a termination hearing held on October 16, the district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h). The mother filed a timely appeal on November 9, 2020.

### III.    Analysis

### A.  Statutory Grounds

The mother claims the State failed to satisfy the statutory ground authorizing termination.  The juvenile court granted the State's request for termination under Iowa Code section 232.116(1)(h).  Section 232.116(1)(h) authorizes termination of a parent's parental rights when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only challenges the fourth element.  To satisfy section 232.116(1)(h)(4), the State was required to prove E.D. could not be safely returned to the mother at the time of the termination hearing.

Since E.D.'s removal, the mother has made very little, if any, real progress toward the issues that brought E.D. to the attention of DHS and the court.  She has not addressed her substance-abuse issues and has failed to take advantage of the services provided to assist with the substance-abuse concerns.  Citing parental drug use, the DHS worker testified that she could not recommend the safe return of E.D. to her mother's home at the time of the termination hearing or at any time in the near future.  We agree, and we affirm the district court's conclusion that section 232.116(1)(h)(4) was satisfied by clear and convincing evidence.

## B. Best Interest

The mother also argues termination is not in her daughter's best interest. In considering E.D.'s best interest, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive the child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We conclude, as did the district court, that termination is in E.D.'s best interest.[2] The mother has unresolved methamphetamine-abuse and domestic-abuse issues. These issues are inherently incompatible with safe parenting. *See In re K.F.*, No. 19-1828, 2020 WL 375951, at *2 (Iowa Ct. App. Jan. 23, 2020) (finding termination to be the child's best interest when a parent has an unresolved drug addiction and there is a history of domestic abuse between parents). And safety is a "defining element[]" of our best-interest analysis. *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., specially concurring). E.D.'s current placement, her paternal grandparents, intend to adopt E.D. The district court further noted the

---

[2] As part of her argument concerning the statutory ground relied on by the district court, the mother alleged the COVID-19 pandemic affected her ability to bond with her daughter. However, the mother did not raise a reasonable-efforts argument in the underlying CINA case and does not raise such as a separate issue on appeal. We find any argument regarding reasonable efforts, to the extent asserted in her brief, have been waived. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[A] broad, all encompassing argument is insufficient to identify error as required for our de novo review.").

likelihood of contact between E.D. and her biological parents existed, as long as the grandparents could ensure this contact was "safe and appropriate."

### C. Permissive Exception to Termination

As part of her best-interest argument, the mother also argues an exception to termination pursuant to Iowa Code section 232.116(3) should be applied because of the bond that exists between herself and her daughter. However, as we have previously stated, "the factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

First, the statute requires "clear and convincing evidence that termination would be detrimental to the child due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). Even if we were to assume the existence of a close bond, such bond is not alone sufficient for purposes of the permissive exception. Secondly, while we have no doubt the mother loves E.D., love is not enough to trigger this exception. *See D.W.*, 791 N.W.2d at 709 (noting the consideration when assessing the exception in section 232.116(3)(c) is not the parent's love for the child, but whether the child will be disadvantaged by termination). This record is void of clear and convincing evidence termination would be detrimental to E.D. Accordingly, we reject the mother's argument concerning the application of a permissive exception.

**IV. Conclusion**

Finding clear and convincing evidence exists to satisfy the statutory ground for termination relied on by the district court under Iowa Code section 232.116(1)(h), termination is in E.D's best interest, and a permissive exception should not be applied, we affirm the termination of the mother's parental rights.

**AFFIRMED.**